### TOWN OF COLEBROOK *v.* SHERBURNE R. MERRILL.

In trover for bank bills, a description of them as "certain current bank bills representing in all one hundred and fifty dollars in money, and of the value of one hundred and fifty dollars" is good after verdict.

TROVER, for "certain current bank bills representing in all one hundred and fifty dollars in money, and of the value of one hundred and fifty dollars."

The selectmen of Colebrook delivered to the defendant a note for $1600, signed by the selectmen for the town—the town being payer and the Somersworth Bank being payee. There was evidence tending to show that the defendant received the note for the purpose of getting the money upon it from the bank for the town, with an understanding that he might exchange the money received from the bank for other money, to aid the circulation of the bank. The defendant's evidence tended to show that he had paid to the town as much money as he received from the bank; the plaintiff's evidence tended to show that the defendant had paid the town $150 less than the amount which he had received from the bank, and the plaintiff claimed to recover $150. The defendant was to receive no compensation for getting the money for the town, and there was no evidence tending to show that he had any lien upon, or any interest in, the note or the money.

The town had voted to raise money to pay bounties to volunteers, and the defendant testified that he agreed to furnish all the money the town wanted, at six per cent. interest. Six notes signed by the selectmen for the town, amounting to $3150, were delivered to the defendant. One of the notes was said note for $1600; one for $300 was payable to one Young, and the others were payable to the defendant or bearer. The defendant testified that he wished to exchange said bank bills, because he was doing considerable business for the bank.

There were, only two questions. One was, whether the defendant had paid the town as much as he had received from the bank, or whether he had paid $150 less; and the other question was, whether the bills received by the defendant from the bank, and the bills received by him in exchange for those received from the bank, were entirely and absolutely the property of the town.

The defendant requested the court to instruct the jury—

1. That if Merrill received the bank note coupled with an interest,

then the proceeds would be the property of Merrill, and could not be recovered in this form of action.

2. That if Merrill received money on the bank note with the understanding that he might use it as his own in exchanging it for other money or otherwise, then the plaintiff could recover in this form of action.

The court declined to instruct the jury as requested, but did instruct them that if the parties understood that the bills received by the defendant from the bank, and the bills received by him in exchange, were absolutely and entirely the property of the town, there was a sufficient property in the town; that if such was not the understanding the verdict should be for the defendant.

To the instructions given, and the refusal to give those requested, the defendant excepted.

The verdict was for the plaintiff, and the defendant moved to set it aside, which the court declined to do, and the defendant excepted.

The defendant moved in arrest of judgment, on the ground that the bank bills were not sufficiently described in the declaration; the court overruled the motion, and the defendant excepted and filed this bill of exceptions, which is allowed and signed by the court.

*Ladd,* for plaintiff.

*Baker & Ramsey,* for defendant.

BELLOWS, J.  On the case reported, the defendant appears to have been simply the agent or servant of the town in procuring money on its notes, and, for aught we can see, there was, as stated in the case, no evidence tending to show that he had any lien upon, or any interest in, the note or money.  The fact that he was authorized by the town to exchange the money received from the Somersworth Bank for other money did not, as we perceive, give the defendant any title or interest in such other money that he had not in the money he received from the bank. It was, indeed, merely a substitution of one for the other, with the consent of the town, and did not affect the property in it.

There might be circumstances not disclosed in the case, that would tend to show that the property in the bills received in exchange vested in the defendant; but if there was, the charge of the judge sufficiently provided for it, directing them to inquire whether the parties understood that the bills received from the bank and in exchange were absolutely and entirely the property of the town, and if so there was a sufficient property in the town, but that if such was not the understanding the verdict should be for the defendant; and this, we think, was sufficiently favorable for the defendant.

The refusal of the court to instruct the jury as requested affords no ground for disturbing the verdict.  As to the first request, the answer is that the case finds that defendant had no interest in the note; and the same answer applies to the second request.

The motion in arrest of judgment cannot prevail, the defect in the description of the bank notes being cured by the verdict.  On this sub-

ject the rule seems to be that a verdict will aid a defective *statement* of title, but not a statement of a *defective* title, and the distinction between them is thus stated by Richardson, C. J., in *Walpole* v. *Marlow*, 2 N. H. 385 : "When any particular fact is essential to the validity of the plaintiff's title, if such fact is neither expressly stated in the declaration, nor necessarily implied from those facts which are stated, the title must be considered defective, and judgment must be arrested; but if such fact, although not expressly stated, be necessarily implied from what is stated, the title must be considered only as defectively stated, and the defect is cured by the verdict."

In 1 Ch. Pl. 673 *et seq.*, it is laid down that "if the issue joined be such as necessarily required on the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict; but it is farther stated that the particular thing which is thus presumed to have been proved, must always be such as can be implied from the allegations on the record by fair and reasonable intendment."

The same doctrine is also found in 1 Saund. 228, sec. 1. So is *White* v. *Concord Railroad*, 30 N. H. 209, and *N. H. Mutual F. I. Co.* v. *Walker*, 30 N. H. 324.

In the case before us the subject of the suit is described as "certain current bank bills representing in all one hundred and fifty dollars in money, and of the value of one hundred and fifty dollars," and this necessarily implies all the facts requisite to make a full description—the defect being the want of particularity, merely.

So it is to be fairly presumed that all the facts necessary to make up a sufficient description of the bills were proved on the trial In *Walpole* v. *Marlow*, before cited, which was assumpsit for the support of a pauper, there was no allegation that the pauper had no relations of sufficient ability, &c., but it being charged that she was *chargeable* to Marlow, it was held that the defect was cured by the verdict.

In *N. H. Mutual F. I. Co.* v. *Walker*, 30 N. H. 324, the declaration stated the facts from which a promise would be implied by law, but alleged no express promise and it was held well after verdict. So it has been held that trover for "*old iron*" is good after verdict; *Talbott* v. *Spear*, Willes' Rep. 70 ; so also where the description was of so many ounces of cloves, mace, and nutmegs, without stating the quantity of each; *Hartford* v. *Jones*, 1 Ld. Raym. 588 ; so as to "a parcel of diamonds ;" *White* v. *Graham*, 2 Stra. 827 ; and "a parcel of packcloths, wrappers and cords ;" *Bottomley* v. *Harrison*, 2 Stra. 809 ; so in trover for divers quantities of china ware, earthen ware, and linen, without setting forth the particulars, the description was held good after judgment by default. Barnes, 276. See also cases cited in 2 Saund. 74, note to *Taylor* v. *Wells*, and 1 Ch. Pl. 673, *et seq.*

In *Edgerly* v. *Emerson*, 23 N. H. 571, it was held that "a lot of goods in a store in Alton occupied by one Jones" was not after verdict a sufficient description, both the kind and quantity being entirely uncertain.

In the case before us, however, the kind of property, and also the quantity are stated, and the failure is to designate the denomination of the various bills, which distinguishes the case plainly from *Edgerly* v. *Emerson*. See also *Commonwealth* v. *Stebbins*, 8 Gray 492.

With these views there must be

*Judgment on the verdict.*